UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                  **CASE No. 3:07-cv-372-J-16MCR**

**SUZANNE W. AURE, ADELA G. AURE,**
**VERONICA GUEVARRA, and**
**EUGENIA TORRES-AURE**

      **Defendants.**
_____/

## ORDER

      Plaintiff, Metropolitan Life Insurance Company's ("MetLife") Motion to Allow Interpleader and Dismiss MetLife from This Action (the "Motion") (Dkt. 25) is again before the Court. In an Order dated July 17, 2008, (Dkt. 26, the "Order") the Court stayed the Motion for thirty (30) days to allow MetLife to perfect personal service upon Ms. Veronica Guevarra ("Veronica"), a named Defendant in this case, or to explain why it failed to do so. In addition, the Court asked MetLife to clarify the nature of this action. MetLife filed a response as directed. (Dkt. 34, the "Response"). In the Order, the Court also offered Defendants the opportunity to submit replies to the Response. Defendants failed to avail themselves of this opportunity within the time allotted.

      This action involves competing claims for life insurance benefits arising from the death of Florente Aure (the "Decedent"). Pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"), Decedent purchased a policy for group life insurance, which was

issued to him by MetLife (the "FEGLIA Policy"). Decedent had coverage in the amount of Two Hundred Twelve Thousand Dollars ($212,000) at the time of his death. Under the terms of the FEGLIA Policy, MetLife is obligated to pay the $212,000, plus statutory interest (the "FEGLIA Proceeds") to the person or persons rightfully entitled to them.

The FEGLIA Proceeds are to be paid according to the order of precedence set forth in 5 U.S.C. § 8705 (a), which reads in pertinent part that the FEGLIA Proceeds be dispersed:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office . . .
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
> Third, if none of the above, to the child or children of the employed and the descendants of deceased children by representative.

MetLife received claims for the FEGLIA Proceeds from Defendants, Suzanne Aure, (who claims to be Decedent's valid wife since 1993), Eugenia Torres-Aure (who claims she married Decedent in the Philippines in 1983) and Adela Aure (who claims that she is the daughter of Decedent and Veronica). Veronica has not submitted any claims for the FEGLIA Proceeds; however, it is alleged that she too was married to Decedent in the Philippines.

The Response provides further details about MetLife's attempts to serve Veronica. The Response also makes clear that Veronica's whereabouts are unknown even to her immediate family and friends. It is unclear where Veronica is residing or even if she is still living. Thus, MetLife has been unable to perfect personal service upon her. In the event that the Court determines that service on Veronica is required, MetLife asks the Court to

authorize service of process pursuant to 28 U.S.C. § 1655.  See Fidelity & Guaranty Life Ins. Co. v. Freeman, 94 F. Supp. 2d 689 (D. Md. 2000).

In order to allow this case to proceed, MetLife is directed to complete service of process upon Veronica in accordance with 28 U.S.C. § 1655.  The Court will issue a separate order to be used by MetLife to complete service by publication. Service of process under 28 U.S.C. § 1655 will give the Court jurisdiction over Veronica even though she is not amenable to personal service.  MetLife will provide written notification to the Court within two (2) days of its completion of service of process.

After review of the pleadings and the Response, the Court finds that the Motion (Dkt. 25) should be **GRANTED**. Accordingly, **IT IS ORDERED** and **ADJUDGED** that:

1. MetLife is directed to immediately deposit the FEGLIA Proceeds at issue, in the amount of Two Hundred Twelve Thousand Dollars ($212,000.00), plus interest, if any, into the Court's registry.

2. Upon deposit of the FEGLIA Proceeds into the Court's registry and the Court's receipt of notice that the requirements for service of process on Veronica have been met, MetLife shall be dismissed from this action with prejudice.  MetLife and the United States Office of Personnel Management, which sponsors the FEGLIA program, will be discharged from any and all liability to Defendants, and their heirs, successors, assigns and/or anyone claiming through them, for any claim, demand, action or cause of action arising out of or in any way connected with the FEGLIA Proceeds.

3. Defendants and their heirs, successors and assigns, are permanently barred from instituting or prosecuting any action in any state or United States court against MetLife, the United States Office of Personnel Management and/or anyone else connected with the FEGLIA Proceeds.

4. MetLife will bear its own costs and fees to date, and each other party, and their heirs, successors and assigns, shall bear their own costs and fees as to any claim against MetLife.  Defendants shall have the right to seek costs and fees against one another.

In order to allow MetLife the time necessary to complete service of process upon Veronica by publication, the pretrial conference in this case is hereby re-set for **Thursday, January 15, 2009, at 11:00 a.m.** and the trial is set for the trial term commencing **February 2, 2009**, before the Honorable John H. Moore II, Senior United States District Judge in Courtroom 12D, 12th floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.  In light of this Order, MetLife's Motion to be Excused From Pretrial Proceedings (Dkt. 35) is **DENIED** as **MOOT**.

**DONE AND ORDERED** from Chambers in Jacksonville, Florida, on this___ day of October 2008.

_____
JOHN H. MOORE II
United States District Judge

Copies to:   Counsel of record
             Clerk, Finance Office